# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH L. MIZZONI, | ) | 3:11-cv-00358-HDM-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTE ORDER** |
| | ) | |
| vs. | ) | January 18, 2012 |
| | ) | |
| STATE OF NEVADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    JENNIFER COTTER     REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the court is plaintiff's Motion for Copy Work Extension (Doc. #17).  On December 30, 2011, defendants opposed plaintiff's motion (Doc. #19).  No reply memorandum was timely filed.

　　Plaintiff states he has reached his limit of $100 for allotted copy work.  Plaintiff wants the court to authorize "another $100 limit of copy work." (Doc. # 17 at 3.)  The defendants oppose the request.  (Doc. #19.)  Defendants note that when an inmate has sufficient funds on deposit in the inmate's trust account, the inmate must sign a "brass slip to pay back their copy work debt. (Exhibit B at 3)."  (Doc. # 19 at 2.)

　　Defendants submit documentation that plaintiff has $241.80 in his NDOC Trust II account (*Id.*, citing defendants' Exhibit C at 2, 4.)  As such, defendants refute plaintiff's clam he cannot make additional copies as plaintiff
> "simply needs to fill out a brass slip paying off his copy work debt with funds he has in his NDOC Trust II Account (citation omitted.)  He will then be allowed to accrue another $100 in legal copy work debt . . ." (Doc. # 17) *Id.*

　　Plaintiff should follow NDOC procedures for allowable copy work.  Plaintiff's Motion (Doc. # 17) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
 Deputy Clerk